UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON ISAIAS ROMERO CHAVEZ, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, KRISTI NOEM, Secretary of Homeland Security, and PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | Civil Action No. 25-13984-MJJ |

## MEMORANDUM OF DECISION AND ORDER

January 15, 2025

JOUN, D.J.

      Jason Isaias Romero Chavez ("Mr. Romero Chavez" or "Petitioner") is a citizen of Nicaragua, who entered the United States without inspection on or about September 8, 2022. [Doc. No. 1 at ¶¶ 2, 17]. Mr. Romero Chavez received a Notice to Appear in removal proceedings as he was charged as inadmissible to the United States. [*Id.* at ¶ 17]. On November 28, 2025, Mr. Romero Chavez was charged with Shoplifting by Asportation. [Doc. No. 10-1 at 1]. On December 3, 2025, Immigration and Customs Enforcement arrested Mr. Romero Chavez. [Doc. No. 1 at ¶ 4]. Mr. Romero Chavez is currently detained at Plymouth County Correctional Facility. [*Id.* at ¶ 2]. He petitions the Court under 28 U.S.C. § 2241, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment for relief from detention.

1

In their Response to Habeas Petition, Respondents assert that Mr. Romero Chavez is lawfully detained without a bond hearing pursuant to 8 U.S.C. § 1226(c). I agree. Section 1226(c)(1)(E)(ii) provides that Respondents "shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting . . . ." It is undisputed that Mr. Romero Chavez was charged with Shoplifting by Asportation on November 28, 2025. As such, I must deny Mr. Romero Chavez's petition under Section 1226(c).[1]

For the foregoing reasons, the Petition for Writ of Habeas is <u>DENIED</u>.

SO ORDERED.

/s/ Myong J. Joun  
United States District Judge

---

[1] Mandatory detention under § 1226(c) without a bond hearing can violate the Due Process Clause when it becomes unreasonably prolonged. *Reid v. Donelan*, 819 F.3d 486, 494 (1st Cir. 2016). Here, however, Mr. Romero Chavez has been detained for a little over a month, which is not unreasonably prolonged.

Additionally, because Mr. Romero Chavez is lawfully detained without a bond hearing pursuant to 8 U.S.C. § 1226(c), his Fourth Amendment claim fails.